UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> And <br><br> THE STATE OF IOWA, <br><br> And <br><br> THE COUNTY OF LINN, IOWA <br><br> Plaintiffs, <br><br> SIERRA CLUB, <br><br> Plaintiff-Intervenor <br><br> v. <br><br> INTERSTATE POWER AND LIGHT COMPANY, <br><br> Defendant. | **BRIEF IN SUPPORT OF UNOPPOSED MOTION OF SIERRA CLUB TO INTERVENE AS PLAINTIFF** <br><br> Civil Action No. 15-0061 |

The Sierra Club submits this brief in support of its motion to intervene as a plaintiff in this case pursuant to Fed. R. Civ. P. 24 and 42 U.S.C. § 7604(b)(1)(B).

**INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 24 and 42 U.S.C. § 7604(b)(1)(B), the Sierra Club respectfully moves to intervene in the above-captioned proceeding alleging

1

violations of the Clean Air Act ("CAA" or "Act"). On July 15, 2015, the United States Attorney General, acting at the request of the United States Environmental Protection Agency ("EPA"), the State of Iowa, and the County of Linn, Iowa, filed a complaint for injunctive relief and civil penalties against Defendant Interstate Power and Light Company ("IPL") alleging that IPL made modifications to its power plants and thereafter failed to comply with applicable air pollution emission limits, as required by the Clean Air Act's Prevention of Significant Deterioration ("PSD") provisions, 42 U.S.C. §§ 7470-7492, and Iowa's EPA-approved state implementation plan. *See* Dkt. #1, Compl.

Under the Clean Air Act's Citizen Suit provision, 42 U.S.C. § 7604(b)(1)(B), any person may intervene in any action commenced by the EPA or a state in United States District Court to enforce an emission standard or limitation. Because the Act establishes a statutory right to intervene in an EPA enforcement case, and the present motion was timely filed, intervention should be granted. *See* Fed. R. Civ. P. 24(a)(1).

The United States, State of Iowa, and County of Linn are lodging a Consent Decree together with their Complaint that, if entered after the procedures provided in 42 U.S.C. § 7413(g), would resolve the claims of all plaintiffs, including Sierra Club. Sierra Club participated with the other parties in the discussions leading to that proposed Consent Decree.

Counsel for Sierra Club has obtained the consent of the parties to this motion.

2

**INTERESTS OF THE PROPOSED INTERVENOR**

The Sierra Club is a public interest, non-profit environmental organization whose mission is to preserve, protect, and enhance the natural environment. Sierra Club has a long history of working to protect and improve air quality and to promote the development of energy efficiency and renewable energy sources. The Sierra Club has a Beyond Coal Campaign that is working to clean up or retire old coal plants that lack modern pollution controls, which are the worst contributors to health-harming soot and smog pollution and replace them with cleaner energy solutions.

Sierra Club has a history of working to ensure compliance with and enforcement of the requirements of the Clean Air Act at coal-fired power plants in Iowa, including plants owned by IPL. Sierra Club has over 600,000 members nationwide, including more than 5,000 members in Iowa, many of whom live, work, or recreate near or downwind from IPL's power plants By its motion to intervene in this case, Sierra Club seeks to protect the interests of its members who are adversely affected by air pollution emitted from IPL's power plants.

**ARGUMENT**

**I.**     **Legal Standard for Intervention**

Federal Rule of Civil Procedure 24 provides four distinct paths for parties to intervene in a pending case, the first of which is applicable here. Rule 24(a)(1) provides that, "[o]n timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). Here, such unconditional right is provided by 42 U.S.C. § 7604(b)(1)(B), which provides that

3

where "the Administrator [of the EPA] or [a] State has commenced and is diligently prosecuting a civil action in a court of the United States or a State to require compliance with the standard, limitation, or order . . . any person may intervene as a matter of right." 42 U.S.C. § 7604(b)(1)(B); *see Del. Valley Citizens' Council for Clean Air v. Pennsylvania*, 674 F.2d 970, 973 (3d Cir. 1982) (noting that the "citizen suit provision of the Clean Air Act provides a right to intervene to enforce the law").

## II. Intervention Must Be Granted Under Rule 24(a)(1) And 42 U.S.C. § 7604(b)(1)(B).

The Clean Air Act authorizes civil enforcement actions by the Administrator of the EPA where there has been a violation of the Act's nonattainment New Source Review ("NNSR") or Prevention of Significant Deterioration ("PSD") provisions as well as to enforce emission standards and limitations, including the obligation to obtain a permit. 42 U.S.C. §§ 7413(b), 7477. Pursuant to this authority, the United States, on behalf of the EPA, the State of Iowa, and Linn County, filed a complaint against IPL on July 15, 2015. Dkt. #1, Compl.

The Clean Air Act makes clear that where EPA or a state "has commenced and is diligently prosecuting a [Clean Air Act] civil action in a court of the United States or a State to require compliance with the standard, limitation, or order . . . any person may intervene as a matter of right." 42 U.S.C. § 7604(b)(1)(B); *see Student Pub. Interest Research Group of N.J., Inc. v. Fritzsche, Dodge & Olcott, Inc.*, 759 F.2d 1131, 1136 (3d Cir. 1985) (holding that "citizens may intervene as a matter of right in an agency suit in federal court to enforce the Clean Air Act"); *United States v. Republic Steel*, No. 80-c-587, 1980

4

U.S. Dist. LEXIS 17371, *2 (N.D. Ill. 1980) ("The language of the Clean Air Act grants an unconditional right to intervene if done in a timely fashion[.]").  For purposes of that statutory provision, an emission standard or limitation includes any requirement under any applicable state implementation plan, including the Iowa PSD requirements at issue in this case.  42 U.S.C. § 7604(f)(4).  Intervention as a matter of right must be granted to Sierra Club pursuant to Rule 24(a)(1) upon a timely motion.

## CONCLUSION

For the foregoing reasons, the Court should grant Sierra Club's motion to intervene as a matter of right or, alternatively, for permissive intervention, and allow the Sierra Club to file the proposed Complaint in Intervention.

DATED this 15th day of July, 2015.

> For Plaintiff-Intervenor, Sierra Club,
>
> MCGILLIVRAY WESTERBERG & BENDER LLC
>
> /s/David C. Bender_____
> David C. Bender
> Wisconsin State Bar No. 1046102
> (Pro Hac Vice pending)
> 211 S. Paterson Street, Ste 320
> Madison, WI 53703
> Telephone: (608) 310-3560
> Facsimile: (608) 310-3561
> bender@mwbattorneys.com
>
> /s/ Wallace L. Taylor
> Wallace L. Taylor
> Iowa Bar No. AT0007714
> 118 3rd Ave. S.E., Suite 326
> Cedar Rapids, Iowa 52401

Telephone: 319-366-2428
Facsimile: 319-366-3886
wtaylorlaw@aol.com